# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALSON ALSTON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-4506 |
| | : | |
| NATIONAL CONFERENCE OF BAR EXAMINERS, et al., | : | |
| | : | |
| Defendants. | : | |

McHUGH, J.                                                                                          FEBRUARY 8, 2019

## MEMORANDUM

This is a civil rights action brought by a law school graduate, Alson Alston, proceeding pro se, claiming violations of the Fifth and Fourteenth Amendments, and raising state law claims of negligence and defamation, arising out of his difficulty in passing the bar exams of two states. I dismissed the action in June 2018, and Mr. Alston has filed a motion to reopen the time within which to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. The essence of the motion is that he purportedly did not receive notice of the dismissal, and only learned his case had been dismissed by reviewing the docket. I have given careful consideration to Mr. Alston's motion, and conducted my own review of this Court's system for providing notice to litigants and lawyers. Based on that review, I conclude that Plaintiff's motion lacks merit.

As a preliminary matter, it bears emphasis that at the outset of the case Plaintiff filed a motion requesting permission to use the Court's ECF docketing system. In that motion, Plaintiff represented as follows: "I am a law school graduate who has been trained to use electronic filing

systems. I ask for permission so that I can pursue justice in this matter on an equal footing with opposing counselors, who, as officers of the court, enjoy the convenience and advantages of using the ECF system." Pl.'s Mot. Auth. E-Filing (ECF No. 7). Mr. Alston registered with the court using an email address, and there is no allegation that such address changed at any time over the course of this litigation. Furthermore, the order of dismissal is the only document Plaintiff contends he did not receive. The system otherwise functioned precisely as designed, with him receiving all filings both before and after the docketing of the order.

As the Eighth Circuit has recognized, courts are "permitted to apply a presumption of delivery and receipt of emails sent by the court's CM/ECF system." *Am. Boat Co. v. Unknown Sunken Barge,* 567 F.3d 348, 352-53 (8th Cir. 2009). If an issue arises as to the receipt of an ECF filing, it "is Plaintiff's burden to overcome the presumption of receipt, and mere denial of receipt is not sufficient to rebut the presumption." *Id*. at 352-53 (citation omitted) (internal quotation marks omitted). Mr. Alston has not overcome that presumption here.

This Court's records reflect that both the Order of Dismissal and accompanying Memorandum were separately docketed and emailed both to Mr. Alston and to counsel for defendants. My detailed review of court procedures revealed that email transmission of filings happens automatically to anyone registered on ECF in connection with a case, eliminating the possibility for human error. Without some change in Plaintiff's email, these documents would have been transmitted to the same electronic address where he had received previous filings, without incident. Furthermore, if an electronic transmission is unsuccessful, and the email does not arrive in the inbox of the intended recipient, the Court automatically receives notice that delivery has failed, and there is a protocol followed in the Clerk's Office to ensure delivery of the filing by other means. For purposes of court security, I decline to discuss these systems and

protocols in any more detail, but am satisfied from my in-depth inquiries of the appropriate personnel as to the thoroughness and effectiveness of these systems.

In simple terms, the non-delivery described by Plaintiff is in the first instance technologically impossible to explain. In the word of another federal jurist:

> Using my common sense, I know that, except in science fiction, computers do not have minds of their own and that they only do what they were programmed to do. Thus, the Clerk's office's computer was programmed to send the notice to counsel's e-mail address and counsel's computer was programmed to receive it. There is no evidence whatsoever upon which I could predicate the conclusion that on the day the entry of judgment was transmitted, either one or the other or both malfunctioned and did not do what they were programmed to do when they performed perfectly on every other occasion.

*Draim v. Virtual Geosatellite Holdings, Inc.,* 2009 WL 3734319, at *3-4 (D.D.C. Nov. 4, 2009). But even if one accepts the possibility of such an event, the Court's back-up protocol would have detected the incident and accomplished delivery of the notice by other means. Alston's statements "are simply assertions without any evidentiary support. . . . Perhaps more importantly, even if Plaintiff could establish that he did not receive the order, Plaintiff has failed to show that he acted diligently to monitor the docket and stay informed about the status of his case." *Baxter v. Mallory* 2017 WL 1013118, at *2 (W.D. Tenn. March 14, 2017).

Plaintiff further contends that he was entitled to receive a paper copy of the Order of Dismissal under the Federal Rules of Civil Procedure. This argument is patently meritless. By registering with the Court as an ECF Filing User, he consented to electronic service of Notices of Electronic Case Filings by the ECF system, in lieu of paper service, and the electronic transmission of such notices complies with the Federal Rules of Civil Procedure. "Registration as an ECF Filing User constitutes agreement to receive and consent to make electronic service of all documents as provided in these ECF Procedures in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure." E.D. Pa. L. R. 5.1.2.4(c). "Immediately upon the entry of an order or judgment, the

clerk of court will transmit to ECF Filing Users in the case, in electronic form, a notice of electronic filing. Electronic transmission of the Notice of Electronic Case Filing constitutes the notice required by Rule 77(d) of the Federal Rules of Civil Procedure." E.D. Pa. L. R. 5.1.2.14.

Plaintiff is correct that he need not prove the merits of his appeal under Rule 4(a)(6). I note nonetheless that Plaintiff's attempt to raise a constitutional challenge to the method for grading bar exams continues to suffer from "fundamental incurable defects," Memorandum Opinion, June 7, 2018 (ECF No. 36), and further note that he remains free to retake the bar exam with the hope of ultimately passing.

An appropriate order denying relief will issue.

/s/ Gerald Austin McHugh
United States District Judge